**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VERON BRIGGS

Plaintiff,

v. 1:25-cv-01766 (AMN/PJE)

SILVESTRE ACEVEDO, *Police Officer*

Defendant.

---

**APPEARANCES:**

Veron Briggs
536 3rd Ave., 1F
Watervliet, New York 12189
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 16, 2025, Plaintiff *pro se* Veron Briggs ("Plaintiff") commenced this action against defendant Silvestre Acevedo ("Defendant") pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1 ("Complaint") at ¶ 1. The Complaint alleges that, acting in his capacity as a police officer, Defendant violated several of Plaintiff's constitutional rights during a May 17, 2024 encounter in Albany, New York. *See id.* at ¶¶ 5-14. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915. On September 22, 2026, Magistrate Judge Evangelista recommended this Court dismiss all claims without prejudice and with leave to amend.

Dkt. No. 4 at 8 ("Report-Recommendation).[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Evangelista advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* No party filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation, as modified by this Memorandum-Decision and Order, and dismisses the Complaint without prejudice and with leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29, 229 n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). Furthermore, "even a *pro se* complaint, when liberally construed, must satisfy the pleading standards set forth in [*Iqbal*]." *Parker v. Mack*, 460 F.App'x 62, 62 (2d Cir. 2012) (citing *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim. *See* Dkt. No. 4 at 8. As to Plaintiff's Fourth Amendment excessive force claim, Magistrate Judge Evangelista explained that it fails due to insufficiently specific allegations. *See* Dkt. No. 4 at 5-6. In describing the force Defendant used, Plaintiff alleges only that Defendant "grabbed Plaintiff" and "[a] physical struggle ensued." Dkt. No. 1 at ¶¶ 9-10. Allegations of a "grab" and a "struggle" are insufficient to demonstrate excessive force. *See, e.g.*, *Jarvis v. City of Syracuse Police Dep't*, No. 25-cv-228, 2026 WL 875375, at *3 (N.D.N.Y. Mar 31, 2026) (dismissing an excessive force claim where the plaintiff alleged only that the defendant officer "physically took Plaintiff down.") Though the Complaint includes the statement that

Defendant "used objectively unreasonable and excessive force against Plaintiff," Dkt. No. 1 at ¶ 10, it is well-established that the Court is not bound to accept as true any legal conclusions embedded in a complaint. *Iqbal*, 556 U.S. at 678-79 (2009).

As to Plaintiff's Fourth Amendment unreasonable search and false arrest claims, Magistrate Judge Evangelista likewise explained that these claims fail because Plaintiff does not actually allege in the Complaint that such deprivations occurred. *See* Dkt. 4 at 6. Rather, the Complaint alleges only that Defendant "attempt[ed] to conduct" a pat down search but Plaintiff "moved the officer's hand away." Dkt. 1 at ¶¶ 8-9. Similarly, Plaintiff alleges that Defendant, after announcing that Plaintiff was under arrest, "attempted to take Plaintiff in[to] physical custody." *Id.* at ¶ 9. The mere attempt to deprive a person of his constitutional rights does not create an injury actionable under Section 1983. *See, e.g., Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir. 1992). Because the Complaint alleges neither that a search occurred nor that Plaintiff was arrested, it fails to allege that the Defendant deprived Plaintiff of his Fourth Amendment rights.

The Court perceives no clear error in Magistrate Judge Evangelista's determination of Plaintiff's Fourth Amendment claims.

Plaintiff also asserts a Fourteenth Amendment due process claim. *See* Dkt. 1 at 4. The Fourteenth Amendment's Due Process Clause "protects persons against deprivations of life, liberty, or property without due process." *Cresci v. Mohawk Valley Comm. Coll.*, 2017 WL 9673715, at *9 (N.D.N.Y. Dec. 15, 2017) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). A person seeking to invoke the protection of the Amendment must demonstrate that "one of these interests is at stake." *Cresci*, 2017 WL 9673715, at *9.

Plaintiff alleges that Defendant violated the Fourteenth Amendment by preparing false police reports which accuse the Plaintiff of criminal conduct. *See* Dkt. 1 at ¶ 13. The fabrication

of evidence can constitute a violation of the Fourteenth Amendment's Due Process Clause. To succeed on a such a claim, "a plaintiff must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023) (internal quotation marks and citations omitted). A plaintiff may bring such a claim against an officer "when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor." *Id.* (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 274 (2d Cir. 2016)). And a prosecution that relies upon such fabricated evidence can constitute a deprivation of liberty. *Barnes*, 68 F.4th at 129 (citing *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021)).

Here, Plaintiff alleges that, after the incident in question and Plaintiff's departure from the scene, Defendant "prepared and submitted one or more false police reports accusing Plaintiff of criminal conduct." Dkt. 1 at ¶ 13. Even assuming that Defendant constitutes an "investigating official" and the allegedly false accusations were likely to influence a jury's verdict, the Complaint does not allege that Defendant forwarded the fabricated evidence to prosecutors. Moreover, the Complaint contains nothing to indicate that Plaintiff suffered a deprivation of life, liberty, or property. Notably, Plaintiff does not allege that any prosecution arose from these events, and, because of the timing of the alleged events, there can be no argument that the fabricated evidence led to an infringement of Plaintiff's liberty on the evening of the incident. Accordingly, Plaintiff has also failed to state a Fourteenth Amendment due process claim.

After reviewing the Report-Recommendation and considering Magistrate Judge Evangelista's findings, the Court adopts the Report-Recommendation, as modified by this

Memorandum-Decision and Order, and adopts its proposed dismissal of the Complaint without prejudice and with leave to amend.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation is **ADOPTED as modified**, as set forth above,

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court;

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: October 29, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge

[2] The Clerk shall also provide Defendant with copies of all unreported decisions cited herein.